**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

OCT 11 2023

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

FOR THE NINTH CIRCUIT

GABINA TORRES-PENALOZA, ANA
IRIS FIERRO-TORRES, & MAURO
FIERRO-TORRES,

Petitioners,

v.

MERRICK GARLAND, Attorney General

Respondent.

No. 22-777

Agency Nos. 208-593-280

208-593-281

208-593-372

MEMORANDUM*

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted October 6, 2023**
Seattle, Washington

Before: M. SMITH and WARDLAW, Circuit Judges, and MATSUMOTO,
District Judge.***

Gabina Torres-Penaloza and her two adult children, natives and citizens of

Mexico, petition for review of the Board of Immigration Appeals' (BIA) decision

---

\* This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.
\*\* The panel unanimously concludes this case is suitable for decision
without oral argument. *See* Fed. R. App. P. 34(a)(2).
\*\*\* The Honorable Kiyo A. Matsumoto, United States District Judge for
the Eastern District of New York, sitting by designation.

dismissing their appeal of an Immigration Judge's (IJ) order denying their application for asylum, withholding of removal, and protection under the Convention Against Torture (CAT). We have jurisdiction pursuant to 8 U.S.C. § 1252 and deny in part and grant in part the petition. Because the parties are familiar with the facts, we do not recount them here, except as necessary to provide context to our ruling.

1. The BIA erred in reviewing the IJ's nexus determination for clear error, rather than de novo, with respect to Petitioners' asylum and withholding of removal claims. *See Umana-Escobar v. Garland*, 69 F.4th 544, 552 (9th Cir. 2023) ("[T]he BIA must review de novo whether a persecutor's motives meet the nexus legal standards, i.e. whether a protected ground was 'one central reason' (for asylum) or 'a reason' (for withholding of removal) for the past or feared harm."). When the BIA applies the wrong legal standard to an applicant's claim, the appropriate relief from this court is remand for reconsideration under the correct standard, not independent review of the evidence. *Id*. at 553 (citing *Ornelas-Chavez v. Gonzales*, 458 F.3d 1052, 1058 (9th Cir. 2006)). As such, we remand to the BIA to apply the proper standard in reviewing the IJ's denial of Petitioners' asylum and withholding of removal claims.

2. As to Petitioners' CAT claim, the BIA found that the record evidence was insufficient to establish "that it is more likely than not the lead respondent faces an

individualized risk of torture with the consent or acquiescence of a public official or other person acting in an official capacity if returned to Mexico." Although Petitioners addressed government acquiescence in their opening brief, they did not challenge the agency's conclusion that they failed to establish an individualized risk of torture. Petitioners argue that the BIA affirmed the IJ solely on acquiescence grounds, and therefore Petitioners did not need to address the issue of individualized risk in their petition for review. But the BIA repeatedly stated that Petitioners failed to establish an "individualized risk of torture" and cited to a decision of our court setting forth the standard for BIA review regarding the "likelihood of torture." *See Soto-Soto v. Garland*, 1 F.4th 655, 661 (9th Cir. 2021).

3. The Petitioners' failure to challenge the agency's conclusion regarding the likelihood of torture in their opening brief amounts to waiver of the argument. *Rizk v. Holder*, 629 F.3d 1083, 1091 n.3 (9th Cir. 2011), *overruled in part on other grounds by Alam v. Garland*, 11 F.4th 1133, 1135 (9th Cir. 2021) (en banc). Because an applicant for CAT relief has the burden to establish an individualized risk of torture, *see, e.g., Fon v. Garland*, 34 F.4th 810, 816 (9th Cir. 2022) (citing 8 C.F.R. § 208.16(c)(2)), we deny the petition for review as to Petitioners' CAT claim.

**The petition is DENIED in part and REMANDED in part. The motion to stay removal (ECF No. 2) is DENIED AS MOOT.**